## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| JAWAUN PHIFER, | ) | CASE NO.:  4:23-cv-00999 |
| | ) | 4:20-cr-00677 |
| Petitioner, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Respondent. | ) | (Resolves Docs. 79, 82, 83, and 85) |
| | ) | |

This matter is before the Court upon Jawaun Phifer's ("Phifer") *Amended Motion to Vacate, Set Aside, or Correct a Sentence* pursuant to 28 U.S.C. § 2255 (the "Motion"). Doc. 79. The United States of America filed the *Government's Response in Opposition to Defendant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255* (Doc. 82) and Phifer filed *Petitioner's Reply to Government's Response in Opposition to Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255* (Doc. 83). The matter is now fully briefed and ready for disposition. For the reasons set forth herein, the Motion is DENIED.

## I.     PROCEDURAL BACKGROUND

A federal grand jury returned an indictment charging Phifer with (i) four counts of distribution of cocaine, a schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); (ii) possession with intent to distribute fentanyl, a schedule II controlled substance, and heroin, a schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); (iii) possession with intent to distribute cocaine, a schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); (iv) possession with intent to distribute cocaine base (crack

1

cocaine), a schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii); (v) using and maintaining a drug premises, in violation of 21 U.S.C. §§ 856(a)(1) and (b); and (vi) felon in possession of a firearm, in violation of in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Doc. 1. Phifer pled guilty as to all counts. *See* Minutes of Proceedings, docket entry dated February 3, 2021.

On September 16, 2021, the Court classified Phifer as a Career Offender and sentenced him to 210 months' imprisonment. Doc. 59. Thereafter, Phifer filed the *Notice of Appeal* (Doc. 58) and the Sixth Circuit affirmed the Court's judgment. *See United States v. Phifer*, No. 21-3879, 2022 U.S. App. LEXIS 20959 (6th Cir. July 28, 2022).

Phifer then filed the instant Motion, wherein he argues that he was denied effective assistance of counsel when appellate counsel (i) did not raise trial counsel's ineffectiveness at sentencing [and that trial counsel was ineffective for failing to object to an improper calculation under the Sentencing Guidelines], (ii) did not argue that aggravated robbery does not qualify as a crime of violence under the Sentencing Guidelines, and (iii) did not argue that attempted assault does not qualify as a crime of violence under the Sentencing Guidelines. Doc. 79.

## II.    LEGAL STANDARD

A prisoner in custody that moves to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 must show that (i) the sentence was imposed in violation of the Constitution or laws of the United States, (ii) the court was without jurisdiction to impose such sentence, (iii) the sentence was in excess of the maximum authorized by law, or (iv) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Phifer's claim of ineffective assistance of counsel falls in

the first category because he alleges that his constitutional right to the effective assistance of counsel was violated. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

A motion made pursuant to 28 U.S.C. § 2255 is the appropriate vehicle for raising a claim of ineffective assistance of counsel. *United States v. Daniel*, 956 F.2d 540, 543 (6th Cir. 1992) ("Ineffective assistance of counsel claims are best brought by a defendant in a post-conviction proceeding under 28 U.S.C. § 2255 so that the parties can develop an adequate record on the issue.") The test of counsel's effectiveness was set forth by the Supreme Court in *Strickland v. Washington*. The measure used is whether the representation fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). To succeed on their claim of ineffective assistance of counsel, the defendant must show both a deficient performance and resulting prejudice. *Id.* at 688. Counsel's performance is evaluated considering all circumstances, based on their perspective at the time. *Snider v. United States*, 908 F.3d 183, 192 (6th Cir. 2018) (citing *Strickland*, 466 U.S. at 689). The second part of the *Strickland* test – whether there was resulting prejudice – is more difficult. To succeed on this prong, a defendant must prove that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Bullard v. United States*, 937 F.3d 654, 661 (6th Cir. 2019) (citation omitted).

III.    ANALYSIS

    a.    Failure to Raise Trial Counsel's Ineffectiveness at Sentencing

Phifer first argues that trial counsel was ineffective when they did not object to the offense level calculation provided by the presentence report. Doc. 79 at 8. He states that the proper offense level should have started at 34, rather than 37, and after deducting three levels for acceptance of responsibility, the final offense level would have been 31, rather than 34, changing the guideline

range used at sentencing from 262–327 months to 188–235 months. Doc. 79 at 8. He further indicates that appellate counsel was ineffective for failing to raise this ineffective assistance of counsel claim on direct appeal. Doc. 79 at 9.

This Court sentenced Phifer to 210 months, an amount that falls within the range Phifer argues was appropriate. Doc. 59. The Sentencing Guidelines are not requirements, rather they are advisory and meant to guide the district court to the proper sentence. *Bullard*, 937 F.3d at 659. Accordingly, Phifer's argument that trial counsel was ineffective for failing to object to this Court exercising its discretion is not cognizable because the Court is not bound by the Sentencing Guidelines. *See Bullard*, 937 F.3d at 659 (citing *Snider*, 908 F.3d at 191 and *United States v. Foote*, 784 F.3d 931, 940 (4th Cir. 2015) ("Section 2255 provides relief for cases in which the sentence was in excess of the maximum authorized by law."))

Appellate counsel was also not ineffective when they did not raise this issue. An examination of trial counsel's performance is necessary to determine whether appellate counsel was ineffective for failing to raise the claim on appeal, and appellate counsel is not ineffective for failing to raise an issue that lacks merit. *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001). As discussed above, trial counsel was not ineffective when they did not object to the Sentencing Guidelines calculation, therefore appellate counsel was likewise not ineffective when they did not raise the meritless issue.[1]

Further, the Court considers many factors in determining a defendant's sentence and found that 210 months was appropriate when it varied down from the guideline range of 262 to 327

---

[1]     Direct appeal is also generally not the appropriate mechanism for raising ineffective assistance of counsel claims. *United States v. Garcia-Meza*, 315 F.3d 683, 688 (6th Cir. 2003). This issue was similarly addressed by the appellate court in Phifer's case. *See United States v. Phifer*, No. 21-3879, 2022 U.S. App. LEXIS 20959, at *11 (6th Cir. July 28, 2022).

months. The Court's imposition of the sentence was sufficient but not greater than necessary, and if the issue were raised at the time of sentencing, the Court would have imposed the same sentence.

### b. Failure to Argue That Aggravated Robbery Does Not Qualify as a Crime of Violence Under the Sentencing Guidelines

Phifer next conveys that appellate counsel was ineffective when they failed to argue that his previous conviction for aggravated robbery in Ohio was not a crime of violence. Doc. 79 at 9–11. Phifer indicates that if his prior aggravated robbery charge was correctly classified [not as a crime of violence], his criminal history points according to the Sentencing Guidelines would have been four (4) rather than six (6), leading to a range of 84–105 months associated with that charge, rather than the 100–125 months used at the time of sentencing. Doc. 79 at 10–11. Phifer's overall argument that aggravated robbery is not a crime of violence in Ohio is based on the outcome of two recent cases, *United States v. White*, 58 F.4th 889 (6th Cir. 2023) and *United States v. Butts*, 40 F.4th 766 (6th Cir. 2022), both of which were decided after his *Notice of Appeal* (Doc. 58) was filed on September 24, 2021.

At the time Phifer's *Notice of Appeal* (Doc. 58) was filed, the controlling law held that prior convictions for aggravated robbery under Ohio law qualified as crimes of violence for purposes of the Sentencing Guidelines. *United States v. Raymore*, 965 F.3d 475, 487 (6th Cir. 2020) (collecting cases); *see also United States v. Smith*, 779 F. App'x. 308, 311 (6th Cir. 2019). As counsel's performance is measured in light of their perspective at the time, they are not ineffective for failing to predict developments in the law. *Bullard*, 937 F.3d at 661 (citation omitted). *White* was decided in January 2023, almost six months after Phifer's appellate case was decided (Doc. 76), and over a year after it was initiated (Doc. 58). *Butts* was decided earlier, on

July 26, 2022, only two days before Phifer's case (Doc. 76).[2] Phifer's appellate counsel could not be expected to form arguments based on decisions that did not exist, and he therefore was not ineffective when he did not argue that aggravated robbery is not a crime of violence.

### c. Failure to Argue That Attempted Assault Does Not Qualify as a Crime of Violence Under the Sentencing Guidelines

Phifer's final argument relates to his prior conviction for attempted assault on a corrections officer. Phifer indicates that appellate counsel should have argued this was not crime of violence under the Sentencing Guidelines, therefore it also improperly counted toward his career offender classification and led to the guideline range being stated as 262–327 months rather than 84–105 months.[3] Doc. 79 at 12–15. However, appellate counsel *did* raise this issue [acknowledging the charge was a crime of violence] in his *Anders* brief, which was addressed by the Court of Appeals. *See Phifer*, No. 21-3879, 2022 U.S. App. LEXIS, at *9 ("We agree with counsel that, under binding circuit precedent, both felonious assault and attempted assault of a corrections officer qualify as crimes of violence.") Accordingly, appellate counsel's performance was not deficient when they chose not to argue that Phifer's attempted assault conviction did not count as a crime of violence, as the argument lacked merit. *See Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001).

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

---

[2]     On March 29, 2024, Phifer filed the *Notice of Supplemental Authority in Support of Petitioner's Motion* (Doc. 85) directing the Court to the recent decision in *United States v. Ivy*, 93 F.4th 937 (6th Cir. 2024). Similar to the issue with the *White* and *Butts* decisions, this law was not available to appellate counsel as the decision was filed February 20, 2024, long after Phifer's appeal was final.

[3]     This calculation assumes Phifer's argument regarding the aggravated robbery charge, discussed above, is also correct.

## IV.    CONCLUSION

For the foregoing reasons, Phifer's *Amended Motion to Vacate, Set Aside, or Correct a Sentence* (Doc. 79) is DENIED.

**IT IS SO ORDERED.**

April 9, 2024                                      /s/ John R. Adams
DATE                                       JOHN R. ADAMS
                                          UNITED STATES DISTRICT JUDGE