UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO.    4:20CR677 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge John R. Adams |
| JAWAUN PHIFER, | ) | |
| | ) | ORDER |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Defendant Jawaun Phifer's motion to reduce his sentence under Amendment 821.  Doc. 87.  Specifically, Defendant seeks a reduction in his criminal history points to reflect Amendment 821 under USSG §4A1.1(3).   Upon review, the motion is DENIED.

Amendment 821, which became effective on February 1, 2024, applies retroactively. "Part A of Amendment 821 limits the criminal history impact of 'Status Points' in Sentencing Guidelines § 4A. Prior to the enactment of Amendment 821, two "Status Points" were added when determining a defendant's criminal history if the defendant committed his or her federal offense while "under any criminal justice sentence," including probation, parole, supervised release, imprisonment, work release, or escape status. USSG § 4A1.1(d) (Nov. 2018). Now, pursuant to Amendment 821 Part A, a defendant will be assessed one Status Point when determining his or her criminal history if the defendant otherwise has seven or more criminal history points and committed the instant offense under "any criminal justice sentence." USSG § 4A1.1(e) (Nov. 2023). Part A effectively eliminates Status Points for defendants with six or fewer criminal history points.

Here, Defendant was deemed a career offender and pursuant to Section 4B1.1, his criminal

history category was increased to VI.   "[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. §3582(c)(2) and is not consistent with this policy statement if…an amendment…is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline[.]"§1B1.10 app. note 1(A).   Defendant concedes that because his guideline range is set by Section 4B1.1, he ineligible for a sentence reduction under Section 821.

Instead, Defendant seeks an acknowledgment from the Court that under Section 821 he would be entitled to a one-point reduction in Status Points. The Court is without authority to provide Defendant with the relief he seeks. "Because [he] is ineligible for a sentence reduction under Amendment 821, Part A, the Court may not utilize the Amendment to revisit his sentence." *United Staes v. DeJournett*, No. 5:13-cr-513-1, 2024 U.S. Dist. LEXIS 66037 at *8 (N.D. Ohio April 11, 2024).

Defendant's motion to his reduce sentence is DENIED.

IT IS SO ORDERED.


June 12, 2026          _/s/John R. Adams_
Date                          JOHN R. ADAMS
                               UNITED STATES DISTRICT JUDGE

2